NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MYRANDA WILSON, an individual a/k/a MYRANDA GOLPHIN,<br><br>Plaintiff,<br><br>vs.<br><br>VICTORIA'S SECRET STORES, LLC, a limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 2:19-CV-02206-R-JPR<br><br>*Temporarily Assigned to the Hon. R. Gary Klausner, Crtrm 850*<br><br>**ORDER RE STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: February 15, 2019<br>Removed: March 25, 2019<br>Trial Date: March 3, 2020 |

Plaintiff Myranda Wilson ("Plaintiff") and Defendant Victoria Secret Stores, LLC ("Defendant") (in the singular, "Party"; collectively, the "Parties") seek this Court's approval and entry of this Stipulated Protective Order ("Protective Order") pursuant to Fed. R. Civ. P. 26(c).

**1.    A.    PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. GOOD CAUSE STATEMENT

This action involves allegations of discrimination and retaliation based on disability, failure to prevent discrimination and retaliation, failure to provide a reasonable accommodation, failure to engage in a good faith interactive process, wrongful termination in violation of public policy, failure to receive rest periods, failure to pay wages, failure to provide itemized wage and hour statements, and penalties associated with such wage-and-hour violations. This action is likely to involve the exchange of non-public personal information (including information implicating the privacy rights of third parties), internal employment policies and procedures, and other information regarding confidential business practices that is generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties believe they are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address the handling of such information at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### 2. DEFINITIONS

2.1 "Proceeding" means the subject lawsuit styled *Myranda Wilson v. Victoria's Secret Stores, LLC, et al.*, Case No. 2:19-cv-02206-R-JPRx.

2.2 "Court" means the District Judge R. Gary Klausner and Magistrate Judge Jean P.

Rosenbluth, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

      2.3     "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" under the provisions of this Protective Order.

      2.4     "Designating Party" means the Party that designates Materials as "Confidential."

      2.5     "Disclose," "Disclosed," or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

      2.6     "Documents" is synonymous in meaning and scope with the definition of "documents" under Federal Rule of Civil Procedure 34(a).

      2.7     "Information" means the content of any Documents or Testimony.

      2.8     "Testimony" means all depositions, declarations, or other statements taken or used in this Proceeding.

**3.**     <u>**NO WAIVER OF DISCOVERY RIGHTS AND PRIVILEGES**</u>

The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to discovery, including any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

Notwithstanding any other provision of this order, the production of privileged or work-product protected Documents, ESI, or Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Proceeding or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of Documents, ESI, or Information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

**4.**     <u>**DESIGNATING DOCUMENTS, TESTIMONY, OR INFORMATION AS "CONFIDENTIAL"**</u>

Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or

produced.

    a. <u>Documents</u>. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    b. <u>Testimony</u>. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii. designate Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

    c. <u>Information</u>. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, must identify the "Confidential" portions.

**5.** **<u>INADVERTENT PRODUCTION OF CONFIDENTIAL MATERIAL</u>**

The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Confidential Material during discovery in this Proceeding without a "Confidential" designation, does not waive any claim that the item is "Confidential."

    a. <u>Notice</u>. If any Confidential Material is inadvertently produced without such designation, the Party that inadvertently produced the document must give written notice of the inadvertent production within 20 days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice").

b. <u>Receiving Party's Obligations</u>. After receiving the Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information must promptly destroy it and all copies thereof, or return it together with all copies of same to the producing Party's counsel at the producing Party's expense. Should the receiving Party choose to destroy the inadvertently produced Document, Testimony, or Information, the receiving Party must notify the producing Party in writing of such destruction within 10 days of receipt of written notice of the inadvertent production. If this provision conflicts with any applicable law or rule regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, or Information, such law will govern.

**6.    OBJECTING TO "CONFIDENTIAL" DESIGNATION**

If counsel for a Party receiving Documents, Testimony, or Information designated as "Confidential" objects to this designation, counsel for the receiving Party must advise counsel for the Designating Party in writing of the objection(s), including the specific reasons and support for such objections (the "Designation Objections"), and must comply with the dispute resolution process under Local Rule 37-1 et seq. Counsel for the Designating Party will have 30 days from receiving the written Designation Objections to agree in writing to remove the "Confidential" designation of such Documents, Testimony, or Information pursuant to the Designation Objections. If the Designating Party does not so agree, the parties shall proceed with the Joint Stipulation procedure outlined in Local Rule 37-2 to settle the dispute. Pending a resolution of the dispute by the Court, any existing designations on the Documents, Testimony, or Information at issue in such Motion will remain in place. The Designating Party will have the burden in any Joint Stipulation of establishing the applicability of its "Confidential" designation. Frivolous designations, challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging or designating party to sanctions.

**7.    ACCESS TO CONFIDENTIAL MATERIALS**

Only the following persons may view Confidential Materials:

a.    the Parties;

     b.     the Parties' counsel, including their partners, associates, paralegals, assistants, staff, employees, contractors, and outside copying services who are working on this Proceeding and to whom it is necessary that the Confidential Materials be Disclosed for purposes of this Proceeding;

     c.     expert witnesses or consultants consulted by the Parties or their counsel in connection with the Proceeding;

     d.     any person who authored, received, saw, or otherwise previously knew the contents of the Confidential Material;

     e.     court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

     f.     mediator or approved settlement officer; and

     g.     the Court and Court staff.

**8.**    **CERTIFICATION REQUIRED OF EXPERTS BEFORE VIEWING CONFIDENTIAL MATERIALS**

Before Confidential Materials are disclosed to any expert witnesses or consultants, the disclosing Party's counsel must provide a copy of this Protective Order to such person, explain its terms to such person, and require them to sign the form attached as Exhibit A.

**9.**    **USE OF CONFIDENTIAL MATERIALS**

Confidential Materials may only be used by the persons receiving them and only for the purposes of preparing for, conducting, participating in, or prosecuting or defending the Proceeding, and not for any other purpose. Such Confidential Materials may be disclosed only to the categories of persons and under the conditions described in this Order. When the Proceeding has been terminated, a Party receiving any Confidential Materials must comply with the provisions of section 17 below.

Confidential Materials must be stored and maintained by a Party receiving such materials at a location and in such a secure manner that ensures that access is limited to the persons authorized under this Order.

**10.**    **RELIEF FROM THIS PROTECTIVE ORDER**

Any Party to the Proceeding (or other person subject to the terms of this

Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from, any provision of this Protective Order.

**11.    THIRD-PARTY DESIGNATION OF DOCUMENTS, TESTIMONY, OR INFORMATION AS "CONFIDENTIAL"**

Any Documents, Testimony, or Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by any Party and/or such non-Party as "Confidential" under the terms of this Protective Order. This designation by a non-Party will have the same force and effect, and create the same duties and obligations, as if made by one of the Parties. This non-Party designation will also function as a consent by the producing Party to the authority of the Court in the Proceeding to resolve any motion or other application made by any person or Party regarding the designation.

**12.    SUBPOENA OF CONFIDENTIAL MATERIALS**

If any person subject to this Protective Order who has custody of any Confidential Materials receives a subpoena or other process from any government or other person or entity demanding production of Confidential Materials, the recipient of the subpoena must promptly notify counsel for the Designating Party by email, attaching a copy of the subpoena unless prohibited by law. Upon receiving this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the subpoena may not produce any Confidential Materials in response to the subpoena before the date specified for production in the subpoena.

**13.    NOTICE OF DISCLOSURE OF CONFIDENTIAL MATERIALS**

If any non-Designating Party becomes aware that any person, including the non-Designating Party, their employees, witnesses, consultants, or vendors, has disclosed Confidential Materials other than in the manner authorized by this Protective Order, the non-Designating Party must immediately notify the Designating Party and cooperate to the fullest extent possible in remedying such disclosure. The non-Designating Party providing notice and/or remedying the

disclosure of Confidential Materials will not preclude the Designating Party from pursuing any remedies available under applicable law or procedural rules, including the imposition of sanctions against the non-Designating Party.

**14. FILING OF CONFIDENTIAL MATERIALS**

The Parties agree to comply with the applicable rules of procedure and/or judge's rules or standing order regarding the filing of Confidential Materials. If no such rules exist or apply, the Parties agree to meet and confer regarding the appropriate procedure for filing confidential materials before filing such materials.

**15. USE OF CONFIDENTIAL MATERIALS AT TRIAL**

The Parties agree to comply with the applicable rules of procedure and/or judge's rules or standing order regarding the use of Confidential Materials at trial. If no such rules exist or apply, the Parties agree to meet and confer regarding the appropriate procedure for using Confidential Materials at trial before using such materials at trial.

**16. PROTECTIVE ORDER REMAIN BINDING AFTER PROCEEDING ENDS**

This Protective Order will continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order. If permitted by applicable law, the Court will retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after the Proceeding ends.

**17. DESTRUCTION OR RETURN OF CONFIDENTIAL MATERIALS AFTER PROCEEDING ENDS**

Upon written request made within 30 days after this Proceeding ends, the Parties will have 30 days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c)

as to any Documents, Testimony, or other Information not addressed by parts (a) and (b) of this paragraph, file a motion seeking a Court order regarding proper preservation of such Materials. If permitted by law, the Court will retain jurisdiction to review and rule upon the motion referred to in part (c) of this paragraph.

**18.  CONFIDENTIAL MATERIALS PRODUCED BEFORE FILING OF THIS PROTECTIVE ORDER**

Defendant's counsel will promptly file this Protective Order once it is signed by all Parties. However, the Parties agree to be bound by the terms of this Protective Order with regard to any Confidential Materials produced before such filing, provided the Designating Party gives notice of any confidential designation within fifteen (15) calendar days of the date of entry of this Protective Order.

**19.  AGREEMENT TO BE BOUND PENDING COURT APPROVAL OF THIS PROTECTIVE ORDER**

The Parties and all signatories to the Certification attached as Exhibit A agree to be bound by this Protective Order pending its approval and entry by the Court. If the Court modifies this Protective Order, or if the Court enters a different protective order, the Parties agree to be bound by this Protective Order until either event occurs.

**20.  ENTIRE AGREEMENT**

This Protective Order represents the entire agreement between the Parties with respect to the designation, handling, and use of Confidential Materials.

**21.  COUNTERPARTS**

This Protective Order may be executed in counterparts.

Dated: October 8, 2019                    VORYS, STATER, SEYMOUR AND PEASE LLP

By:  /s/ Emily A. Papania
Robert A. Harris (*pro hac vice to be filed*)
Emily A. Papania
Attorneys for Defendant
Victoria's Secret Stores, LLC

| | | |
|---|---|---|
| Dated: October 8, 2019 | LAW OFFICES OF CHRISTINA M. COLEMAN, APC | |

Dated: October 8, 2019    LAW OFFICES OF CHRISTINA M. COLEMAN, APC

By: /s/ Christina M. Coleman
Christina M. Coleman
Attorney for Plaintiff
Myranda Wilson

## **LOCAL RULE 5-4 ATTESTATION**

In accordance with U.S. District Court for the Central District of California Civil Local Rule 5-4.3.4(a)(2)(i), the filing attorney attests that other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 8, 2019    VORYS, STATER, SEYMOUR AND PEASE LLP

By: /s/ Emily A. Papania
Robert A. Harris (*pro hac vice to be filed*)
Emily A. Papania
Attorneys for Defendant
Victoria's Secret Stores, LLC

FOR GOOD CAUSE SHOWN, the Court hereby accepts and enters the Stipulated Protective Order. IT IS SO ORDERED.

Dated: October 15, 2019

_____
HON. JEAN P. ROSENBLUTH
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Myranda Wilson v. Victoria's Secret Stores, LLC, et al.,* Case No. 2:19-cv-02206-R-JPRx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

11
STIPULATED PROTECTIVE ORDER